UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY BROWN JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-01071 (RJL) |
| | ) | |
| JOHN McHUGH, | ) | |
| Secretary of the Army, | ) | **FILED** |
| | ) | |
| Defendant. | ) | SEP 2 3 2013 |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
September 22, 2013 [## 11, 14]

Plaintiff Henry Brown, Jr. ("plaintiff" or "Brown"), a retired United States Army officer, brought this suit against John McHugh, Secretary of the Army, in his official capacity as head of the Department of the Army. Plaintiff claims that the Army Board for Correction of Military Records improperly denied his administrative request to remove an adverse Officer Evaluation Report from his military service record. He now appeals that administrative decision to this Court. Before the Court are defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and plaintiff's Cross-Motion for Summary Judgment. Because plaintiff has failed to state a claim upon which relief can be granted, defendant's motion is GRANTED and plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Henry Brown, Jr. served as a commissioned officer in the U.S. Army Reserve for over 24 years and retired with the rank of Major in April 2007. Compl. [Dkt.

1

# 1] ¶¶ 6, 8, 16, 21. In early 2006, plaintiff received an Officer Evaluation Report ("OER") evaluating his performance for the period October 21, 2004 to October 20, 2005 (the "October 2005 OER"). Compl. ¶ 19; Administrative Record ("A.R.") at 23-24. That OER is the centerpiece of this case.

An OER is a form used to evaluate the performance and potential of officers. *See* Army Regulation 623-105 (Dec. 17, 2004) ("Army Reg. 623-105"), at ¶ 1-7(a). As part of the Army's personnel system, it helps identify which officers are best qualified for promotion and assignment to positions of higher responsibility, as well as which officers should be kept on active duty, retained in grade, or eliminated. *Id.* ¶ 1-8(a). At least two of the officer's supervisors prepare the OER: the "rater," who is the officer's direct supervisor, and the "senior rater," who is higher in the chain of command. *Id.* at ¶¶ 2-10, 2-14. The rater and senior rater evaluate the officer on the OER by checking "yes" or "no" in boxes for certain attributes, skills, and actions; rating performance and potential for promotion on a continuum; and writing narrative comments. *Id.* at ¶¶ 3-19, 3-20, 3-22.

Plaintiff's October 2005 OER, completed by rater Colonel Mark Rutkowski and senior rater Colonel Robert Visbal, reflected negatively on him in several respects. The rater checked "no" in the box for "Communicating" in Part IV(b)(3) and checked the "Unsatisfactory Performance, Do Not Promote" box in Part V(a), while the senior rater checked the "Do Not Promote" box in Part VII(a). Compl. ¶ 19; A.R. at 23-24. And the raters explained their recommendations with written comments that plaintiff's performance was "marginal" and "unremarkable"; that he "often required more direction

2

and guidance than should be required" by an officer of his rank; that he was lacking in leadership, communication, and organizational skills; that he required "greater experience to be an effective field grade officer"; and that he should not be considered for promotion until he improved in those areas. *Id.*

Plaintiff appealed the October 2005 OER first to the Army Special Review Boards ("ASRB") in 2006 and requested removal of that report from his service record. Compl. ¶ 20; A.R. at 32-33. The ASRB denied his appeal in February 2008. Compl. ¶ 22; A.R. at 26-31. In the interim, plaintiff was not promoted to Lieutenant Colonel and was involuntarily retired from the Army with an honorable discharge in April 2007. Compl. ¶¶ 18, 21.

Following his discharge, plaintiff then pursued the final administrative remedy available to him—an appeal to the Army Board for Correction of Military Records ("ABCMR") to remove the October 2005 OER from his service record. Compl. ¶ 1, 24; A.R. at 11-22. The ABCMR, a civilian board operating under the authority of the Secretary of the Army, "may correct any military record of the [Army] when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a); *see also* Army Reg. 623-105 at ¶¶ 6-8(f), 6-10(a).

In his application to the ABCMR, plaintiff contested the adverse rating he received for his communication skills. *See* A.R. at 11-22. He submitted evidence to contradict his evaluation, including a letter commending his performance from Lieutenant Colonel Gundula Birong, who served with plaintiff during the period covered by the contested October 2005 OER, as well as OERs rating him positively that covered

3

time periods before and after the October 2005 OER. Compl. ¶ 24; A.R. at 14-17. Plaintiff also asserted that his rater failed to perform required counseling and feedback, A.R. at 14, 17-20, and he claims that he argued that his rater was biased. Compl. ¶ 25.

In February 2010, the ABCMR denied plaintiff's appeal, concluding that he had failed to meet his burden of proof to justify removing or redacting the October 2005 OER under Army Reg. 623-105. Compl. ¶ 26; A.R. at 9. The ABCMR found that "[t]here is no evidence and the applicant has provided none to show that his rater and senior rater did not comply with the regulatory requirements of evaluating him in a fair and unbiased manner"; that plaintiff "did not provide compelling evidence to overcome the presumption of regularity" regarding his evaluation by the raters; and that plaintiff "fail[ed] to show any material error, inaccuracy, or injustice related to the report at the time it was rendered." A.R. at 9. In June 2012, plaintiff filed his complaint with this Court seeking reversal of the ABCMR's decision.

## ANALYSIS

Plaintiff Brown's complaint asserts that the ABCMR's decision was arbitrary and capricious and unsupported by substantial evidence, in violation of the Administrative Procedure Act ("APA"), because the evidence before that Board showed that his rater was biased. Compl. ¶ 33. Next, plaintiff asserts that the ABCMR's action violated his constitutional right to due process of law because the Army violated its own regulations by not giving plaintiff required counseling. Compl. ¶¶ 35-36. As relief, plaintiff seeks the removal of the October 2005 OER from his service record, and retroactive promotion to Lieutenant Colonel with attendant back pay and allowances. Compl. at 9.

4

Defendant has moved to dismiss plaintiff's complaint, and in the alternative has moved for summary judgment. First, pursuant to Fed. R. Civ. P. 12(b)(1), defendant argues that plaintiff's request for promotion must be dismissed as nonjusticiable, and his request for back pay must be dismissed for lack of subject matter jurisdiction. *See* Def.'s Mot. to Dismiss or Summ. J. [Dkt. # 11] ("Def.'s Mot.") at 9-10. Plaintiff concedes that these two prayers for relief are "non-justiciable." Pl.'s Cross-Mot. Summ. J. [Dkt. # 14] ("Pl.'s Mot.") at 11; Pl.'s Reply at 2. Therefore, I will treat those claims as conceded and dismiss them. *See also Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) (a "request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions"); *Morrow v. United States*, 723 F. Supp. 2d 71, 79 (D.D.C. 2010) (finding lack of subject matter jurisdiction to consider monetary damages claims against the United States brought under the APA because that statute does not waive sovereign immunity with respect to such claims).

Next, defendant argues that plaintiff's claim of rater bias under the APA must be dismissed under Fed. R. Civ. P. 12(b)(6) because he waived this claim by failing to raise it before the ABCMR. Def.'s Mot. at 14-16. Finally, defendant argues that plaintiff's due process claim must also be dismissed under Rule 12(b)(6) because plaintiff has not asserted a cognizable property or liberty interest. *Id.* at 11-14. For the following reasons, I find that plaintiff's complaint must be dismissed, and therefore I do not reach the issue of summary judgment.

5

## I. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether the plaintiff has pleaded facts sufficient to "raise a right to relief above the speculative level," assuming that the facts alleged are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint should not be dismissed unless the court determines that the allegations do not support relief on any legal theory, the complaint nonetheless must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted." *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1078 (D.C. Cir. 1984). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (alteration in original) (citation and internal quotation marks omitted). Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a motion under Rule 12(b)(6), a court must construe the complaint in a light favorable to the plaintiff and must accept as true plaintiff's reasonable factual inferences. *See Howard v. Fenty*, 580 F. Supp. 2d 86, 89-90 (D.D.C. 2008); *Smith v. United States*, 475 F. Supp. 2d 1, 7 (D.D.C. 2006) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). The court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the

6

complaint[,] and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).[1]

## II. Rater Bias Claim

Plaintiff claims that the October 2005 OER was "uncharacteristically negative" because it resulted from his rater's bias, and therefore the ABCMR should have granted his request to remove that report from his service record as an "error" or "injustice." Compl. ¶¶ 19, 25; *see* 10 U.S.C. § 1552(a)(1). Unfortunately for plaintiff, however, I agree with defendants that he did not properly raise this argument of bias before the ABCMR, and thus he failed to exhaust his administrative remedies. Accordingly, this claim must be dismissed for failure to state a claim. *See Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 64 n.6 (D.D.C. 2008) ("motions to dismiss for failure to exhaust administrative remedies are more appropriately analyzed under Rule 12(b)(6)" (citation omitted)); *Marcelus v. Corrections Corp. of Am.*, 540 F. Supp. 2d 231, 235 & n.4 (D.D.C. 2008) (same).

Administrative law "requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (emphasis in original) (citation omitted). In short, a plaintiff must "give the agency a fair and full opportunity to adjudicate [his] claims," *id.*, in the first instance by expressly raising his grounds for relief in the administrative proceedings before seeking judicial

---

[1] In his complaint, plaintiff references both his application to the ABCMR and the ABCMR's decision, Compl. ¶¶ 9, 24-26, and therefore this Court will treat those documents as incorporated into the complaint for purposes of defendant's Rule 12(b)(6) motion.

7

review thereof. *See Coburn v. McHugh*, 679 F.3d 924, 931 (D.C. Cir. 2012) ("It is well understood that '[a] reviewing court usurps [an] agency's function [if] it sets aside [an] administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action.'" (quoting *Unemployment Comp. Comm'n of Alaska v. Aragon*, 329 U.S. 143, 155 (1946))). When a plaintiff fails to do so, he waives judicial review of any claim he did not raise before the agency. *See CSX Transp., Inc. v. Surface Transp. Bd.*, 584 F.3d 1076, 1078, 1079 (D.C. Cir. 2009) ("[T]he well-established doctrine of issue waiver . . . permits courts to decline to hear arguments not raised before the agency where the party had notice of the issue." (citing *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 35–37 (1952))).

Here, plaintiff asserts in his complaint that he made an "argument [to the ABCMR] including but not limited to that the OER rater was biased . . ." Compl. ¶ 25, and that therefore the ABCMR's decision was unsupported by the evidence because "[t]he evidence clearly shows that the rater, COL Rutkowski was biased, and that his adverse OER was an injustice." Compl. ¶ 33. But that conclusory assertion is the only factual allegation of bias in plaintiff's complaint. And, crucially, plaintiff did not raise the argument that his rater was biased against him anywhere in his application to the ABCMR. *See* A.R. at 11-22.

Instead, plaintiff's application was "based on" (1) providing countervailing evidence of his good communication skills and writing ability—in the form of a letter from another officer and positive OERs from other time periods—to contradict the

8

evaluation by his October 2005 OER raters, and (2) arguing that his rater failed to perform adequate counseling. A.R. at 14. As plaintiff stated in his application, the "essence of [his] complaint is that he was not told of the perceived shortcomings," and thus the adverse October 2005 OER "came as a total surprise to him." A.R. at 19. But this is far from a claim of bias. Plaintiff presented no factual evidence to the ABCMR that his rater was biased against him. And, even construing the facts in plaintiff's favor, it is simply not plausible to view his submission of positive reviews from *other* officers (which, with the exception of the Birong letter, covered *different time periods* than the OER at issue), along with his allegation that his rater failed to perform adequate counseling, as raising a claim of bias by his rater.[2]

Moreover, the ABCMR's decision itself reflects that plaintiff failed to raise a claim of bias in those proceedings. With the exception of using the word "unbiased" once, A.R. at 9, nowhere in its decision does the ABCMR discuss any argument of bias raised by plaintiff. Instead, the decision focuses on the new evidence plaintiff presented that reflected positively on him. A.R. at 3-10. While plaintiff correctly points out that the ABCMR used the word "unbiased" in one conclusion paragraph of its decision, Pl.'s Mot. at 14-15, Pl.'s Reply at 3, this sole reference cannot bear the weight plaintiff puts on it. The ABCMR decision stated: "[t]here is no evidence and the applicant has provided none to show that his rater and senior rater did not comply with the *regulatory requirements* of evaluating him in a fair and unbiased manner." A.R. at 9 (emphasis

---

[2] In fact, even in his cross-motion and reply briefs, plaintiff fails to point to anything in his ABCMR application that shows he raised a claim of bias to that Board. Instead, he relies on two sentences in one paragraph of the ABCMR's *own* decision, one of which uses the word "unbiased." Pl.'s Mot. at 14-15; Pl.'s Reply at 3.

9

added). Read in context, therefore, the ABCMR's use of the word "unbiased" refers not to any allegation of bias raised by plaintiff, but instead paraphrases the applicable regulation, which states that the responsibility of the rater is to "[p]rovide an *objective* and comprehensive evaluation of the rated officer's performance and potential." *See* Army Reg. 623-105 at ¶ 2-11 (emphasis added).

By failing to raise the argument of bias before the ABCMR, plaintiff did not give the agency an opportunity to consider and rule on that claim in the first instance. Accordingly, the claim must be dismissed because plaintiff failed to exhaust his administrative remedies and thus waived judicial review of that claim before this Court. *See CSX Transp., Inc.*, 584 F.3d at 1079.

### III. Procedural Due Process Claim

Plaintiff has also failed to state a claim that he was denied due process because he has not alleged a deprivation of any cognizable property or liberty interest. To bring a procedural due process claim, plaintiff must show (1) a deprivation by the government, (2) of a liberty or property interest, (3) without due process of law. *See Lightfoot v. District of Columbia*, 273 F.R.D. 314, 319 (D.D.C. 2011) (citing *Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991)). In order "to determine whether due process requirements apply in the first place," therefore, this Court "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *See Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 570-71 (1972).

Here, plaintiff claims that the October 2005 OER "essentially ended [his] career" and forced him to retire, and that but for that adverse OER, he would have stayed in the

10

military and been promoted. Compl. ¶ 18. But the law is clear that "there is no protected property interest in continued military service." *Spadone v. McHugh*, 842 F. Supp. 2d 295, 304 (D.D.C. 2012) (quoting *Wilhelm v. Caldera*, 90 F. Supp. 2d 3, 8 (D.D.C. 2000)); *see also Pauls v. Sec'y of the Air Force*, 457 F.2d 294, 297 (1st Cir. 1972) ("It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service"). Accordingly, plaintiff's complaint has not set forth a property interest that would trigger constitutional due process protections.

Likewise, plaintiff has failed to assert any liberty interest that might implicate procedural due process protections. A government employee may have a liberty interest in his employment under one of two theories: (1) a "reputation-plus" theory, or (2) a "stigma or disability" theory. *Okpala v. District of Columbia*, 819 F. Supp. 2d 13, 16 (citing *O'Donnell v. Barry*, 148 F.3d 1126, 1139-40 (D.C. Cir. 1998)). Under a "reputation-plus" theory, plaintiff must show an adverse employment action paired with official defamation, *id.*, and the adverse employment action must be either discharge or at least a demotion in rank and pay. *O'Donnell*, 148 F.3d at 1140. Here, plaintiff was neither discharged nor reduced in rank as a result of the October 2005 OER, and thus he cannot succeed on a "reputation-plus" theory.

Under a "stigma or disability" theory, on the other hand, plaintiff must show an adverse employment action that leads to a continuing stigma or disability "that foreclosed [the plaintiff's] freedom to take advantage of other employment opportunities." *Id.* (quoting *Roth*, 408 U.S. at 573). Again, not only was there no adverse employment

11

action here, but plaintiff suffered no reputational harm or stigma because he received an honorable discharge upon retirement, and he has not alleged that his October 2005 OER has become public. *See Knehans v. Alexander*, 566 F.2d 312, 314 & n.2 (D.C. Cir. 1977) (mere fact of Army officer's honorable discharge and nonretention does not harm reputation or foreclose future employment opportunities, especially where reasons for nonpromotion were not publicly disseminated).

Instead of asserting a property or liberty interest, plaintiff instead attempts to cast the alleged due process violation as the Army's failure to follow its own regulations. Compl. ¶¶ 35-36. Citing *Antonuk v. United States*, 445 F.2d 592, 595 (6th Cir. 1971), for the proposition that "[v]iolation by the military of its own regulations constitutes a violation of an individual's right to due process of law," Compl. ¶ 36, plaintiff argues he suffered a due process violation because the Army failed to adhere to Army Regulation 623-105 when "Plaintiff was not evaluated in a fair and unbiased manner; and Plaintiff was never counseled as to any alleged deficiencies in his performance." Compl. ¶ 35; *see also* Pl.'s Reply at 2.

But unfortunately for plaintiff, the *Antonuk* court's generalization that the military's failure to follow its own regulations amounts to a due process violation does not withstand scrutiny in light of subsequent developments in the law—namely, the Supreme Court's alteration of the analytical framework for approaching procedural due process questions. *See Roth*, 408 U.S. at 570-71 ("to determine whether due process requirements apply in the first place, [the court] must look not to the 'weight' but to the nature of the interest at stake . . . to see if the interest is within the Fourteenth

Amendment's protection of liberty and property"). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Thus, "'[o]nly *after* finding the deprivation of a protected interest do[es] [the Court] look to see if the [government's] procedures comport with due process.'" *Chamness v. McHugh*, 814 F. Supp. 2d 7, 16 (D.D.C. 2011) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 59 (1999)) (emphasis added). Accordingly, not every failure of the military to follow its regulations is a *per se* due process violation, but rather only those that implicate a protected liberty or property interest.[3] Plaintiff has failed to show such a violation here.

## CONCLUSION

Thus, for all of the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and DENIES plaintiff's Cross-Motion for Summary Judgment. A separate Order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[3] In fact, the *Antonuk* decision is consistent with this caveat. In that case, the plaintiff was an Army reservist who contested the validity of an administrative activation order requiring that he report for active duty. Though the case was decided before *Roth* and thus not phrased in terms of a "liberty interest," the court clearly indicated that the plaintiff faced deprivation of liberty because, if the activation order were upheld, "his liberty will be significantly limited by military discipline, and there is a significant risk that he might be wounded in battle or even killed." *Antonuk*, 445 F.2d at 594.